United States District Court
Southern District of Texas
**ENTERED**
December 19, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:09-CR-117 |
| | § | (CIVIL ACTION NO. 2:16-CV-258) |
| JESUS ESCOBEDO | § | |

**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE
PURSUANT TO 28 U.S.C. § 2255, AND DENYING A CERTIFICATE
OF APPEALABILITY**

Jesus Escobedo (Escobedo) filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 seeking relief from his enhanced sentence under the Armed Career Criminal Act (ACCA) pursuant to *Johnson v. United States*, 136 S.Ct. 2551 (2015). D.E. 34. The United States filed a motion for summary judgment.[1] Escobedo did not file a reply. The government filed the documents of conviction that support Escobedo's status pursuant to 18 U.S.C. § 924(e). D.E. 46. For the reasons stated herein, the Court denies Escobedo's § 2255 motion and denies him a Certificate of Appealability.

**I. JURISDICTION**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2255.

**II. BACKGROUND**

Escobedo pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). D.E. 17. In a separate case, he pleaded guilty to aiding and abetting distribution of 6.74 grams of cocaine case. Cause No. 2:09-CR-166. The Probation Department prepared a joint Presentence Investigation Report (PSR). D.E. 20. Escobedo qualified as an Armed Career Criminal with regard to the firearms conviction because he was

---

[1] The United States erroneously filed its motion in Cause No. 2:10-CR166, D.E. 64, although it properly referred to Cause No. 2:10-CR-119 in the heading.

previously convicted of three qualifying violent felonies. *Id.*, ¶ 26. Escobedo did not object to the PSR. D.E. 41, p. 7. In July 2009, Escobedo was sentenced to 188 months imprisonment. D.E. 27. The ACCA requires that a defendant who qualifies must receive a sentence of at least 15 years. Judgment was entered on the docket on July 27, 2009. Escobedo did not appeal. Escobedo filed his present motion in June 2016.

### III.  MOVANT'S ALLEGATIONS

Escobedo challenges his status as an armed career criminal by arguing that his predicate convictions no longer qualify after *Johnson*.

### IV.  ANALYSIS

**A.    28 U.S.C. § 2255**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: 1) constitutional issues, 2) challenges to the district court's jurisdiction to impose the sentence, 3) challenges to the length of a sentence in excess of the statutory maximum, and 4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

**B.    Statute of Limitations**

A motion made under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final.[2] 28 U.S.C. § 2255(f). The Fifth

---

[2] The statute provides that the limitations period shall run from the latest of:

(1) *the date on which the judgment of conviction becomes final;*
(2) the date on which the impediment to making a motion created by governmental action

Circuit and the Supreme Court have held that a judgment becomes final when the applicable period for seeking review of a final conviction has expired. *Clay v. United States*, 537 U.S. 532 (2003); *United States v. Gamble*, 208 F.3d 536, 536-37 (5th Cir. 2000) (per curiam).

Escobedo's conviction became final on August 12, 2009, after the ten business days to file his notice of appeal expired. Fed. R. App. P. 4(b) (amended eff. Dec. 1, 2010); *Clay*, 537 U.S. at 532. He was required to file his motion to vacate no later than August 12, 2010. Escobedo's motion was filed no earlier than June 27, 2016,[3] nearly six years too late unless the time to file his motion was extended by § 2255(f).

**C.    *Johnson* Claim**

*Johnson* held that the residual clause of the definition of violent felony in 18 U.S.C. § 924(e)(1)(ii) was unconstitutionally vague. The Act defines "violent felony" as follows:

> any crime punishable by imprisonment for a term exceeding one year ... that—
>
> > (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> > (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.
>
> § 924(e)(2)(B). The closing words of this definition, italicized above, have come to be known as the Act's residual clause.

*Johnson*, 135 S.Ct. at 2555-56 (emphasis in *Johnson*).

---

in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f) (emphasis added).

[3] Escobedo's motion does not include either a certificate of service or a legible postmark. See Rule 3(d), § 2255 Rules. The Court used the date of its receipt.

The Court used as predicate crimes two Texas burglaries and a conviction for possession of a dangerous weapon in a penal institution. Escobedo's PSR reflected that he was convicted of the following felonies at the time of his sentencing: burglary of a habitation in 1993, burglary of a building in 1996, burglary of a habitation in 1996, and possession of a deadly weapon in a penal institution in 1996. D.E. 20, ¶¶ 31, 34, 37, 38.

Based upon the Court's review of the charging documents and the judgments filed by the government (D.E. 47), all of Escobedo's burglaries were charged pursuant to § 30.02(a)(1) of the Texas Penal Code and qualify as generic burglaries.[4] *See United States v. Constante*, 544 F.3d 584, 585-86 (5th Cir. 2008). Burglary is one of the enumerated crimes in § 924(e)(ii) and is not affected by the *Johnson* decision, "[t]oday's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Johnson*, 135 S.Ct. at 2563. Although Escobedo is correct that his conviction for possession of a deadly weapon in a penal institution qualifies as a violent felony only under the residual clause that was voided by *Johnson*, because he was previously convicted of three enumerated violent felonies, he still qualifies for enhanced punishment pursuant to the ACCA.

## V.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Escobedo has not yet filed a notice of appeal, the § 2255 Rules

---

[4] Escobedo was convicted of burglary of a habitation after he entered with intent to commit theft in Cause No. 93-CR-2317 in the 347th District Nueces County, Texas in 1993. D.E. 47-1. He pleaded guilty to entering with intent to commit theft in Cause No. 96-CR-755 in 1996 in Nueces County, Texas. D.E. 47-2. Escobedo also pleaded guilty to entering a habitation with intent to commit theft in Nueces County Cause No. 96-CR-1261 in August 1996. D.E. 47-3. The language of each indictment tracks the language of § 30.02(a)(1).

instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A COA "may issue. . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added).

Based on the above standards, the Court concludes that Escobedo is not entitled to a COA on any of his claims. That is, reasonable jurists could not debate the Court's resolution of his claims, nor do these issues deserve encouragement to proceed. *See Jones*, 287 F.3d at 329.

## VI.  CONCLUSION

Escobedo's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 34, Cause No. 2:16-CV-258 D.E. 1) is DENIED and he is DENIED a Certificate of Appealability.

SIGNED and ORDERED this 19th day of December, 2016.

Janis Graham Jack
Senior United States District Judge